IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2006 Session

## BFS RETAIL AND COMMERCIAL OPERATIONS, LLC v. CHARLES SMITH

**Appeal from the Chancery Court for Davidson County**
**No. 05-636-II     Carol McCoy, Chancellor**

---

**No. M2006-00163-COA-R3-CV - Filed on February 12, 2007**

---

WILLIAM C. KOCH, JR., P.J., M.S., concurring.

I concur with the court's opinion. However, I have prepared this separate opinion to point specifically to the provisions of Mr. Smith's employment agreement that undermine the summary judgment in this case.

Paragraph 12(a) of the employment contract prohibits Mr. Smith from entering into or engaging in any business which competes with the "Company's Business" for eighteen months following his departure from the Company. Paragraph 12(e) limits the scope of this prohibition to "only those areas where you worked or had responsibilities at the time of your separation from the Company or at any time during the five (5) year period prior to your separation."

Paragraph 1(b) defines "Company's Business" in terms of products and services, not simply geographic areas. It states that the Company's Business" is

> the research, development, manufacture, marketing, sale, and distribution of tires, tire components, polymers used in tires or elsewhere, roofing materials, air springs, or any other products or services of the Company or contemplated by the Company.

According to the record, Mr. Smith worked exclusively in Bridgestone's tire business. Therefore, at the time of his separation and for the five preceding years, the tire business was the "area" in which Mr. Smith worked for the purpose of Paragraph 12(a). Thus, one reasonable construction of Paragraph 12(a) is that Mr. Smith agreed that he would not take a job with a company that manufactured, marketed, sold, or distributed tires for eighteen months following his departure from Bridgestone. However, he was free to accept employment with a company that sold polymers, roofing materials, or air springs.

If the focus of Paragraph 12(a) is on product lines rather than geography, then Bridgestone's noncompetition covenant has no geographic limits. Covenants of this sort must be reasonable with regard to duration and geographical limits. *Vantage Tech., LLC. v. Cross*, 17 S.W.3d 637, 647 (Tenn. Ct. App. 1999). Thus, if Bridgestone desires to enforce Mr. Smith's contract, it must demonstrate that a nation-wide, or perhaps worldwide, prohibition against Mr. Smith's employment in the tire business is reasonable. If Bridgestone cannot prove that the limitation is reasonable, then the trial court may reform it. A summary judgment is not the proper procedural vehicle for making determinations of this sort.

_____
WILLIAM C. KOCH, JR., P.J., M.S.